THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHYLLIS HARVEY-BUSCHEL, an individual,

Plaintiff,

vs.

UNIVERSITY OF WASHINGTON,

Defendant.

Case No: 2:20-cv-01775-RSL

**SECOND AMENDED COMPLAINT FOR DAMAGES**

**JURY DEMAND**

Plaintiff Phyllis Harvey-Buschel ("Plaintiff") alleges against Defendant University of Washington ("Defendant") as follows:

## I. JURISDICTION AND VENUE

1. This action arises from an employment relationship between Plaintiff and Defendant. Plaintiff alleges claims based on violations of the Washington Law Against Discrimination ("WLAD"), Washington Equal Opportunity Pay Act, and Title VII of the Civil Rights Act of 1964 ("Title VII").

2. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.



**MBE LAW GROUP PLLC**
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

3. Venue is proper in the Western District of Washington because the events and transactions giving rise to Plaintiff's claims took place in the Western District of Washington.

4. Plaintiff submitted a Washington State Tort Claim pursuant to RCW 4.92.100 on around February 24, 2020. Plaintiff also submitted her claims to the U.S. Equal Employment Opportunity Commission (EEOC). On around November 23, 2020, Plaintiff received a Right to Sue letter from the EEOC.

## II. PARTIES

5. Plaintiff Phyllis Harvey-Buschel ("Plaintiff" or "Dr. Harvey-Buschel") is a resident of King County, Washington.

6. Defendant University of Washington, which is an agency of the State of Washington, is an "employer" with the requisite number of employees to be subject to the WLAD, Washington Equal Opportunity Pay Act, and Title VII.

## III. FACTUAL BACKGROUND

7. Plaintiff is an accomplished professional with broad experience in scientific research, curriculum development, classroom instruction, administration, and management. She has a Doctorate in Educational Leadership and two Masters Degrees. She is over 50 years old, a Jamaican and U.S. national, Black and female.

8. Plaintiff was hired in 2009 as a Continuing Education Coordinator for the Washington State Mathematics, Engineering and Science Achievement ("MESA") program by James Dorsey, MESA's then Executive Director. MESA existed since 1982 and was housed in the UW College of Engineering. MESA was moved to the UW Office of Minority Affairs and Diversity ("OMA&D") in 2008.

9. Plaintiff was uniquely qualified for the position she was hired for by Mr. Dorsey. For ten years, she performed exemplary work for which she was recognized as a leader in her field both in and outside the university. The MESA team, led by Mr. Dorsey, was awarded the Distinguished Staff Award, UW's highest staff honor, in 2017. In May



**MBE LAW GROUP PLLC**
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

2019, just months before her termination, Dr. Harvey-Buschel was elected by her peers to a 3-year term on the Board of Directors of UW's Professional Staff Organization.

10. During her employment with Defendant, Dr. Harvey-Buschel often performed necessary and uncompensated work outside of her official job duties. She made numerous attempts to advocate for increased compensation and an accurate job description with the support of her supervisor, Mr. Dorsey. Despite their efforts, by the time Mr. Dorsey left MESA in the summer of 2018, Plaintiff remained at the same compensation and job title.

11. OMAD Associate Vice President Patricia Loera and Vice President Rickey Hall, were openly opposed to Plaintiff's requests for increased compensation and an accurate job description. Ms. Loera said that Plaintiff was already the highest paid MESA employee and she would not recommend any position change for her. Mr. Hall told Plaintiff that the MESA program could become bankrupt if she was back paid correctly for the years she worked outside her job classification. Mr. Hall stated that all the senior MESA employees would be "pressured out" because they were paid too much. During a staff meeting, Mr. Hall also told Plaintiff that he thinks that Jamaicans are not passionate about their work but rude and aggressive. He went on to recount a negative experience he had when he visited Jamaica.

12. In the fall of 2018, Plaintiff increased her efforts to obtain increased compensation and an accurate job description, this time with the support of the interim Executive Director, Lucy Casale. On October 17, 2018, Plaintiff sent an email to Jan Kendle in Human Resources reporting discrimination. Plaintiff wrote:

> We started the job reclassification process 3 years ago. I am still waiting for an update in this time. I am now including the University Human resource department since I have run out of options in the OMAD Unit….
>
> For everyone else this process takes only a few weeks. The previous Executive Director for this unit James Dorsey has requested this change from your office on several occasions. All of this requests, I have tracked in my emails. I have been redirected many times by your office as is evident in your last email below. This process has been discriminatory and unfair to me and it is becoming increasingly clear that the practices and procedures in this unit seem to be applied selectively to individuals.



**MBE LAW GROUP PLLC**
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

13. On November 1, 2018, Ms. Kendle of Human Resources notified Dr. Harvey-Buschel, Ms. Casale, and Ms. Loera that Plaintiff could work with her supervisor, Ms. Casale, to submit the Position Review request. Ms. Kendle also confirmed that the process "normally takes 2-3 weeks." However, Ms. Loera unilaterally delayed Plaintiff's Position Review for another three months until MESA had a new Executive Director.

14. In February 2019, Dr. Gregory King was hired as the new Executive Director of MESA and became Plaintiff's supervisor. Dr. King was directed by Mr. Hall and Ms. Loera to submit Plaintiff's Position Review during the same time period they were planning on how to eliminate her role.

15. From February 2019 to November 2019, Plaintiff was subjected to verbal attacks, public humiliation, adverse change in job responsibilities, and social isolation by Dr. King. Dr. King expressed his bias against older female workers stating that data she collected to meet Legislative requirements was "outdated and useless" and that he would focus on getting someone who was "savvy" in responding to his data needs. To her colleagues, he referred to Dr. Harvey-Buschel's as having "outdated attitudes" and not being ready for meetings that she was in fact prepared for. He constantly asked her for information that he already had, targeted her for one-on-one coaching, treated her as a recalcitrant child, cancelled meetings, refused to communicate with her directly, accused her of being aggressive, unfairly disparaged her professionalism to their supervisors, and otherwise harassed her.

16. In March 2019, Dr. King started an altercation with Plaintiff regarding her Position Review. Both Dr. King and Dr. Harvey-Buschel immediately reported harassment, but only Dr. King's complaints were taken seriously. Dr. King continued to unfairly and inaccurately represent Plaintiff to Human Resources as being insubordinate and refusing to perform work.

17. Plaintiff reported harassment and discrimination by Dr. King several more times but his conduct continued until she was terminated. In June 2019, Plaintiff again



**MBE LAW GROUP PLLC**
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

reported harassment and discrimination by Dr. King based on age, gender and/or national origin to Human Resources and through the University Complaint Investigation and Resolution Office. In August 2019, Plaintiff, along with two other employees over the age of 50, complained of age discrimination against them by Dr. King.

18. In October 2019, Plaintiff and two other employees over the age of 50 were terminated and replaced by two individuals aged 48 and 30 years old. The purported reason for Plaintiff's termination was a reorganization that eliminated four positions and created four new positions. Financial savings was not a supporting rationale for the reorganization.

19. Being so near retirement age, Plaintiff elected early retirement in order to preserve her retirement benefits. This made her ineligible to apply for any of the four new positions.

## IV. CLAIMS

### FIRST CAUSE OF ACTION
### (Retaliation under Title VII and WLAD)

20. Plaintiff re-alleges and hereby incorporates paragraphs 1 through 19 above.

21. Plaintiff opposed what she reasonably believed to be discrimination and harassment based on age, gender and/or national origin.

22. Defendant retaliated against Plaintiff after she reported discrimination and harassment multiple times from October 2018 to her termination in October 2019.

23. The above facts give rise to a claim against Defendant for retaliation in violation of the Title VII and the WLAD.

### SECOND CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

24. Plaintiff re-alleges and hereby incorporates paragraphs 1 through 23 above.

25. The above facts give rise to a claim against Defendant for the tort of wrongful termination in violation of public policy under Washington state law. Washington has a clear



**MBE LAW GROUP PLLC**
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

public policy against retaliation and discrimination in employment. As described above, Plaintiff was terminated for retaliatory reasons.

26. Washington also has a clear public policy that employees should be able to inquire about fair compensation and working conditions. Plaintiff's questions and complaints about her compensation and job description were a substantial factor in her termination, which constitutes a violation of this public policy.

**THIRD CAUSE OF ACTION**
**(Hostile Work Environment under Title VII and the WLAD)**

27. Plaintiff re-alleges and hereby incorporates paragraphs 1 through 26 above.

28. Plaintiff was subjected to unwelcome conduct by her supervisor Dr. Gregory King which was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.

29. Dr. King's harassment of Plaintiff resulted in tangible employment actions being taken against Plaintiff, including Plaintiff being terminated from her position.

30. The above facts give rise to a claim against Defendant for harassment and hostile work environment in violation of Title VII and the WLAD.

**FOURTH CAUSE OF ACTION**
**(Disparate Treatment under Title VII and WLAD)**

31. Plaintiff re-alleges and hereby incorporates paragraphs 1 through 30 above.

32. Defendant took adverse employment actions against Plaintiff due to her age, gender and/or national origin.

33. The above facts give rise to a claim against Defendant for disparate treatment in violation of Title VII and the WLAD.

**FIFTH CAUSE OF ACTION**
**(Violation of Washington Equal Opportunity Pay Act)**

34. Plaintiff re-alleges and hereby incorporates paragraphs 1 through 33 above.



**MBE LAW GROUP PLLC**
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

35. Defendant retaliated against Plaintiff for engaging in protected activity, in violation of RCW 49.58.040 and RCW 49.58.050.

36. The above facts give rise to a claim against Defendant for violation of the Washington Equal Opportunity Pay Act.

## V. DAMAGES

37. Plaintiff re-alleges and hereby incorporates paragraphs 1 through 36 above.

38. As a direct result of Defendant's unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits and mental and emotional distress, all in amounts to be determined at trial.

## VI. DEMAND FOR JURY

39. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

## VII. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that the Court enter judgment against Defendant for the following:

a. Damages for back pay, front pay, and lost benefits in an amount to be determined at trial;

b. Damages for emotional harm in an amount to be determined at trial;

c. Prejudgment interest;

d. Compensation for the tax consequences associated with a damages award;

e. Attorneys' fees and costs pursuant to any applicable statutes; and

f. Any further and additional relief that the court deems just and equitable.

DATED this 5th day of January, 2021.

///

///

///



**MBE LAW GROUP PLLC**
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

MBE LAW GROUP PLLC

By: *s/ Margaret Pak Enslow*
By: *s/ Lisa Burke*

Margaret Pak Enslow, WSBA No. 38982
Lisa Burke, WSBA No. 42859
MBE Law Group PLLC
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel: (206) 400-7722
Fax: (206) 400-7742
Email: margaret@mbelg.com
Email: lburke@mbelg.com

Attorneys for Plaintiff Dr. Phyllis Harvey-Buschel