UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHYLLIS HARVEY-BUSCHEL,

Plaintiff,

v.

UNIVERSITY OF WASHINGTON,

Defendant.

Cause No. C20-1775RSL

ORDER GRANTING LEAVE TO DEPOSE SCOTT WALSTON

This matter comes before the Court on "Defendant's Motion to Take an 11th Deposition and to Extend the Discovery Cut-Off for the Same." Dkt. # 28. Defendant seeks to depose a witness who was first disclosed in February 2021, pointing out that the description of the witness' knowledge was vague and similar to that used for several other witnesses. Dkt. # 29 at 21-22; Dkt. # 43 at 2. Plaintiff amended her discovery responses in September 2021 to more specifically identify the areas about which the witness, Scott Walston, would testify and indicated that she would be serving a records subpoena on Mr. Walston. Dkt. # 43. Defendant received copies of Mr. Walston's records on October 20, 2021.

On November 12th, defendant approached plaintiff's counsel and requested that she agree to allow defendant to depose Mr. Walston. Plaintiff's counsel declined on November 18, 2021, the last day on which a discovery motion could be filed under the case management order. On November 30, 2021, plaintiff used documents produced by Mr. Walston when questioning

ORDER GRANTING LEAVE
TO DEPOSE SCOTT WALSTON - 1

University President Ana Mari Cauce and University Provost Mark Richards. Defendant filed this motion to take an eleventh deposition two days later.

Federal Rule of Civil Procedure 30(a)(2) presumptively limits each side to ten depositions. Defendant has, however, made a particularized showing of the need for an additional deposition. *Thykkuttahil v. Keese*, 294 F.R.D. 601, 602 (W.D. Wash. 2013). Plaintiff has identified more than thirty potential witnesses in this case, forcing defendant to pick and choose amongst them based on limited information. The choices defendant made were reasonable, and it is not surprising that, over the course of discovery, a party discovers that a witness who at first seemed inconsequential needs to be deposed. *Id.* Plaintiff's use of Mr. Walston's records when questioning other witnesses elevated his importance in a way that could not be reasonably anticipated based on prior disclosures.

In the circumstances presented here, defendant must not only show that more than ten depositions are warranted, but also that there is good cause for an extension of the Court-ordered case management deadlines. Motions related to discovery are to be noted on the Court's calendar for consideration no later than the Friday before the discovery cut-off date. In this case, the discovery deadline was December 5th, and all discovery motions had to be noted on or before December 3rd. Pursuant to Federal Rule of Civil Procedure 16, these deadlines can be extended only for "good cause." Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

ORDER GRANTING LEAVE
TO DEPOSE SCOTT WALSTON - 2

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

Plaintiff points out that, had defendant acted with alacrity, it could have filed a timely motion for leave to conduct an additional deposition when it first realized his testimony might be substantial or, at the latest, on November 18, 2021, the day plaintiff's counsel declined to stipulate to Mr. Walston's deposition. Defendant was obviously contemplating the need for Mr. Walston's deposition in early November, but it could not file a motion until after it met and conferred with plaintiff. That process was not completed until November 18th, the last day on which a discovery motion could be timely filed. Demanding that a party have a motion drafted and ready to file during the meet and confer process would be contrary to the purposes of the requirement and is not reasonable. In addition, plaintiff's November 30th use of Mr. Walston's records raised the likelihood that he would, in fact, be called at trial. Given the number of witnesses identified by plaintiff and the sensible choices defendant made when trying to divine which ten witnesses should be deposed, defendant has shown diligence and good cause for an extension of the case management deadlines.[1]

---

[1] Mr. Walston does not object to sitting for his deposition. Dkt. # 30 at 2.

ORDER GRANTING LEAVE
TO DEPOSE SCOTT WALSTON - 3

For all of the foregoing reasons, defendant's motion for leave to take a half day (3.5 hour) deposition of Mr. Walston at a mutually agreeable time within the next 30 calendar days (Dkt. # 28) is GRANTED.

Dated this 3rd day of January, 2022.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING LEAVE
TO DEPOSE SCOTT WALSTON - 4