UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHYLLIS HARVEY-BUSCHEL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>    Defendant. | Cause No. C20-1775RSL<br><br>ORDER EXTENDING THE DISCOVERY DEADLINE FOR LIMITED PURPOSE |

This matter comes before the Court on "Defendant's Motion for Relief from Deadline re Discovery From Third Party Witness." Dkt. # 34. Defendant seeks an extension of the discovery cut-off date so that it can serve a third-party subpoena on plaintiff's psychotherapist, Dr. Alan Feldberg, and conduct a two-hour deposition regarding responsive information. Plaintiff opposes the motion, arguing that defendant has not shown good cause for the extension and that the discovery is prohibited by the regulations implementing the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

Plaintiff is seeking emotional distress damages in this employment discrimination lawsuit and has identified Dr. Feldberg as a witness with relevant knowledge. In January 2021, plaintiff signed a release authorizing the use and disclosure of Dr. Feldberg's "Entire Record - January 2014 to present." Dkt. # 35 at 14-15. In March 2021, Dr. Feldberg provided a letter summarizing his treatment of plaintiff and his billing records. Defendant reminded Dr. Feldberg that he had to

ORDER EXTENDING DISCOVERY DEADLINE
FOR LIMITED PURPOSE - 1

produce the actual medical records rather than a summary (Dkt. # 35 at 22), but got no response. On May 12, 2021, defendant wrote to Dr. Feldberg and plaintiff's counsel notifying them that it would seek via subpoena "records pertaining to Plaintiff Phyllis Harvey-Buschel, including . . . any patient histories, counseling records, office notes, test results, referrals, consults, correspondence, forms, and/or records . . . ." Dkt. # 35 at 24.[1] Dr. Feldberg subsequently produced his "records for Dr. Harvey-Buschel" via an email from plaintiff's counsel on June 15, 2021. Dkt. # 35 at 30. During Dr. Feldberg's December 3, 2021, deposition, however, both counsel learned for the first time that the witness had withheld " process notes" that he made during his psychotherapy sessions with plaintiff. Defendant attempted to obtain the notes informally at the deposition and shortly thereafter, but was told that Dr. Feldberg believed his notes to be statutorily privileged. Defendant attempted to serve Dr. Feldberg with a records subpoena for his "process notes," on Monday, December 6th, the last day of discovery, but was unable to complete service until Wednesday, December 8th.

      Defendant has shown good cause for an extension of the Court-ordered discovery deadline. It was not until the Friday before discovery closed that defendant realized Dr. Feldberg had withheld documents based on a previously unstated and unclaimed privilege. It made reasonable efforts to serve the subpoena on the last day of the discovery period, but was unsuccessful. The Court finds that defendant pursued the records and filed this motion with diligence.

      Plaintiff argues that defendant should be prohibited from serving a subpoena regarding

---

[1] There is no indication that a subpoena was actually served on Dr. Feldberg or that a copy of the subpoena was served on plaintiff.

ORDER EXTENDING DISCOVERY DEADLINE
FOR LIMITED PURPOSE  - 2

Dr. Feldberg's "process notes" because the documents are privileged and therefore not discoverable. This argument is premature. Once the subpoena and notice of subpoena are served, both Dr. Feldberg and plaintiff will have an opportunity to object to the requested production and claim any available privilege. At that juncture, the parties will have a full opportunity to present arguments regarding the meaning of 45 C.F.R. § 164.508(b)(3)(ii) and the related regulations. At present, the Court declines to determine whether the release plaintiff signed is sufficient to authorize the disclosure of Dr. Feldberg's "process notes" under HIPAA regulations or whether the circumstances presented here justify a Court order compelling production.

For all of the foregoing reasons, defendant's motion for relief from the discovery deadline is GRANTED. Defendant may, within five days of the date of this Order, serve the proposed subpoena and notice thereof. If plaintiff or Dr. Feldberg timely object, they shall state with specificity the grounds for the objection. Defendant will have seven days from the date of the objection to file a motion to compel. If neither plaintiff nor Dr. Feldberg objects and the production contains new information that was not available at the time of Dr. Feldberg's first deposition, he shall be deposed at a mutually agreeable time and date for up to two hours regarding the new information.

Dated this 4th day of January, 2022.

Robert S. Lasnik
United States District Judge

ORDER EXTENDING DISCOVERY DEADLINE
FOR LIMITED PURPOSE  - 3