UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHYLLIS HARVEY-BUSCHEL,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>Defendant. | CASE NO. 2:20-cv-01775-RSL<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTIONS IN LIMINE |

THIS MATTER comes before the Court on "Plaintiff's Motions in Limine #1-4 (Dkt. # 70). Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

1.  Plaintiff seeks an order excluding the opinions of defendant's vocational and economic damages experts on the ground that the experts relied on the allegedly faulty assumption that plaintiff was capable of working full-time in the STEM field after her position with the University of Washington was eliminated. The motion is DENIED. Plaintiff has yet to prove that her separation was so traumatizing that it compromised her ability to hold a similar job in the future.[2]

---

[1] Plaintiff did not file a reply.

[2] This fact must be proven through testimony and evidence other than the opinions of the economic damages experts, neither of whom is qualified to opine regarding plaintiff's emotional state or her ability to be gainfully employed in the STEM field. Whether the vocational expert will be permitted to testify regarding plaintiff's ability to perform STEM-related work will likely depend on the nature of the questions asked at trial. Inquiries regarding the requirements of a job in the STEM field, plaintiff's employment history, and her qualifications for open positions, for example, would likely elicit testimony within the expert's area of expertise. Inquiries regarding whether plaintiff suffered emotional injury as a result of defendant's conduct, on the other hand, would likely be objectionable.

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS IN
LIMINE - 1

If she is able to do so, the jury will then have the discretion to reject any calculations that are not based on the facts as found.

2. A key issue in this case is why the University of Washington eliminated plaintiff's position and declined to install her in one of the newly-created positions. Plaintiff argues that her supervisors were motivated by her protected characteristics and activities. The supervisors report that they believed that a reorganization was necessary and that plaintiff and her colleagues had been actively undermining new leadership, the organization, and the reorganization plan. While plaintiff may argue that these beliefs were unfounded or post-hoc rationalizations, that does not make the supervisors' testimony inadmissible. The supervisors may testify regarding their own interpretation of plaintiff's conduct and the information available to them without running afoul of Fed. R. Ev. 403, 602, 701, or 802. Plaintiff's second and third motions in limine are DENIED.

3. Plaintiff's fourth motion in limine is GRANTED. The University may not argue, claim, or suggest that any verdict would result in financial harm to the University or its programs. Plaintiff may not argue, claim or suggest that the University has sufficient financial resources to absorb a financial verdict, that the University is better suited than Plaintiff to absorb a financial loss, or anything to the foregoing effects.

Dated this 15th day of February, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge